NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-2246
_____

HAROLD C. WILSON

v.

CITY OF PHILADELPHIA; RONALD CASTILLE; SETH WILLIAMS, DISTRICT
ATTORNEY OF PHILADELPHIA; JOHN JACK MCMAHON;
MICHAEL TROUTNER; RICHARD BOVA; DETECTIVE MICHAEL CAHILL;
LEWIS BRENNER; WILLIAM WHITEHORSE; LT. D. BELIZZIE; UNKNOWN CITY
OF PHILADELPHIA POLICE OFFICERS;
WARREN HOFFNER (#9001); C. AUERWECK (#8645)

RONALD CASTILLE;
JOHN JACK MCMAHON,
                                    Appellants

Amended pursuant to Fed. R. App. P. 43(c)(2)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-04-cv-05396)
District Judge:  Honorable Luis Felipe Restrepo

_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2011

Before: SLOVITER, HARDIMAN, and ALDISERT, Circuit Judges

(Filed: March 1, 2011)
_____

OPINION

———

SLOVITER, *Circuit Judge*.

Defendants Ronald Castille and John McMahon appeal from the District Court's

denial of their Rule 12(b)(6) motion to dismiss the amended civil rights complaint filed

by Harold Wilson. Appellants argue that they are entitled to absolute or qualified

immunity for the acts alleged.[1] The District Court held that certain of the allegations

survive dismissal as a matter of law. We find that holding to be questionable, and will

remand with instructions to grant Wilson leave to amend his amended complaint to

comport with the pleading requirements.[2]

Wilson was convicted of triple homicide in 1989 and sentenced to death.

*Commonwealth v. Wilson*, 672 A.2d 293, 296 (Pa. 1996). He was thereafter granted a

new trial and ultimately acquitted after spending approximately fifteen years in prison.

Wilson filed a complaint in the District Court asserting claims under 42 U.S.C. § 1983

against, inter alia, Appellants Castille (former Philadelphia District Attorney) and

---

[1] The parties consented to assignment of the case to Magistrate Judge Restrepo for all proceedings. Under the circumstances, we will refer to the opinion as that of the District Court.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. This court has appellate jurisdiction under the collateral-order doctrine. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945-47 (2009). Our review is plenary. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009).

McMahon (former Assistant District Attorney) in their individual and official capacities. Appellants moved to dismiss, asserting absolute and qualified immunity.

The District Court denied the motion in part, concluding that Wilson, although "barely," pled sufficient facts to draw a "'reasonable inference that the defendant[s] [Castille and McMahon] [are] liable for the misconduct alleged.'" *Wilson v. City of Phila.*, No. 04-5396, 2010 WL 1254111, at *5 (E.D. Pa. Mar. 31, 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). After dismissing the majority of the complaint,[3] the Court noted that Wilson's complaint "in this case alleges, among other things, factual allegations of 'misconduct during the investigation' and 'arrests,' including 'manipulat[ion] and coach[ing] witnesses, and then withh[olding] from [Wilson] that they had done so' in an 'effort to arrest and imprison [Wilson] for the crimes he did not commit.'" *Id.* at *5 (alterations in original).

Appellants contend that the District Court erred in concluding that these allegations comport with the pleading requirements. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This reflects a liberal notice pleading requirement, in that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what

_____

[3] The Court granted the motion to dismiss as to Appellants with respect to (1) Wilson's claims against Appellants in their individual capacities relating to the jury selection process in Wilson's 1989 prosecution and their conduct in connection with Wilson's state post-conviction proceedings; (2) Wilson's § 1983 claims against McMahon in his official capacity as Assistant District Attorney; and (3) Wilson's state law claims against Appellants in their official capacities. *Wilson*, 2010 WL 1254111, at *2, *8.

3

the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted)).

The Supreme Court has instructed that a court should engage in a two step analysis when considering whether to grant or deny a motion to dismiss:  the court must first determine whether a claim is supported by well-pleaded factual allegations and, if so, the court must determine whether those well-pleaded factual allegations, which are entitled to an assumption of truth, plausibly give rise to an entitlement to relief.  *Iqbal*, 129 S. Ct. at 1950.  As the Supreme Court stated in *Iqbal*, a court need not accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Id.* at 1949.

The District Court in this case, looking to the issue of entitlement to relief, accurately reviewed the legal principles with respect to prosecutor's immunity in stating that "absolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks."  *Van de Kamp v. Goldstein*, 129 S. Ct. 855, 861 (2000) (quotation omitted).  After applying those principles to dismiss many of the allegations as to the appealing defendants, the District Court stated that:  "plaintiff's Amended Complaint also alleges that '[i]n an effort to arrest and imprison Plaintiff for the crimes he did not commit, Defendants, acting personally, as well [sic] by and through conspiracy with others, manipulated and coached witnesses, and then withheld from Plaintiff that they had done

4

so'" (quoting from complaint). *Wilson*, 2010 WL 1254111, at \*2 (emphasis omitted). The District Court concluded that to the extent that Wilson's amended complaint alleges conduct relating to manipulation and coaching of witnesses in an investigative capacity, defendants were not entitled to either absolute or qualified prosecutorial immunity. The District Court recognized the paucity of factual allegations but permitted the complaint to stand, liberally viewing the allegations. We believe the Supreme Court's jurisprudence requires us to apply a more exacting scrutiny of the complaint.

An examination of the Supreme Court's treatment of allegations in *Iqbal* is instructive. There, Iqbal alleged that John Ashcroft, the former United States Attorney General, and Robert Mueller, the Director of the FBI, "knew of, condoned, and willfully and maliciously agreed to subject [Iqbal] to harsh conditions of confinement as a matter of policy, solely on account of [Iqbal's] religion, race, and/or national origin and for no legitimate penological interest," that Ashcroft was the "principal architect" of this policy, and that Mueller was "instrumental" in adopting and executing it. 129 S. Ct. at 1951 (quotations omitted). The Supreme Court concluded that these allegations were conclusory. *Id.* The Supreme Court also held that Iqbal's factual allegations that were well-pleaded failed to plausibly allege that his arrest was the result of an invidious policy of unconstitutional discrimination. *Id.* at 1951-52.

We agree with Appellants that Wilson's complaint, like Iqbal's, falls short of what is required to survive a motion to dismiss. Wilson's allegations against Appellants are conclusory, are not entitled to an assumption of truth, and are insufficient to support his

5

claims.[4]  Nonetheless, this court has held that when a civil rights complaint will be dismissed for failure to state a claim, a plaintiff should be granted the opportunity to amend the complaint unless amendment would be inequitable or futile.  *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-52 (3d Cir. 2007).

Although that assessment is for the District Court in the first instance, Wilson has not specified on appeal what supplemental factual averments he would make by way of amendment.  It may be that the District Court will grant defendants' motion to dismiss, but granting him leave to amend certainly would not be inequitable here.  As Wilson explains, he filed his amended complaint just two months after *Iqbal* was decided, "well before this Circuit had an opportunity to flesh out the pleading requirements in light of that case."  Appellee's Br. at 14.

Accordingly, we will vacate that part of the District Court's judgment denying Appellants' motion to dismiss and remand with instructions to grant Wilson leave to amend his amended complaint if he can do so to comport with the pleading requirements.

---

[4]  We note, however, that it is not implausible that Castille and McMahon, who were employed during the relevant period by the Office of the District Attorney for the City of Philadelphia, personally participated in Wilson's criminal matter in an investigative capacity.

6